## AUGUSTA BANK *versus* CITY OF AUGUSTA.

The *capital stock* of a bank can only be assessed once, and that upon the stockholders to the value of their shares.

But property composing no part of its capital, so held by a bank, that no other person or corporation could be legally taxed for it, as owner, is liable to be assessed to such bank.

Thus, shares of a rail road corporation, which it may hold by an *absolute title*, may rightfully be assessed to the bank.

And parol evidence, that the absolute title was intended to be a conditional one, is inadmissible.

A *corporation* owning personal property, not composing a part of its capital, is liable to be taxed for it in the town of its established place of business.

ON FACTS AGREED.

ASSUMPSIT, for money had and received.

In October, 1851, the Kennebec & Portland Rail Road Company borrowed of the plaintiffs five thousand dollars, and gave their note for the same on three months, and at the same time caused the Portsmouth & Portland Rail Road Company to issue to the plaintiffs a certificate in the usual form, of fifty shares in the capital stock of that company.

On the first day of May, 1852, the plaintiffs held the note aforesaid, and the said shares by that arrangement, and, in Oct. 1852, sold said shares at private sale and applied the proceeds to the payment of said note.

While the bank held said shares, the dividends upon them were paid to the Kennebec & Portland Rail Road Company.

It was agreed, if parol evidence was admissible to show

the fact, that at the time the note was given, the said shares were transferred to, and held by the plaintiffs as collateral security for the payment of said note, and for no other purpose, with power to sell the same and to collect the note therefrom, if not otherwise paid to the satisfaction of the plaintiffs.

On the first of May, 1852, the clerk of the P. S. & Portsmouth Rail Road Company, notified the assessors of Augusta of the ownership by the plaintiffs of the shares aforesaid, and in consequence of said notice, they assessed the bank as owners thereof, and the stockholders in the bank were taxed without any diminution in consequence of the assessment of these shares.

The plaintiffs refused to pay the tax thus assessed on demand of the collector, and a warrant of distress, in due form, was put into the hands of a constable of the city, with instructions to collect the same by distraint.

Upon the call of such officer, the plaintiffs paid said tax and cost thereon under protest, and to prevent the seizure and sale of their property.

This action is brought to recover back said tax and costs.

If the Court should be of opinion, that the plaintiffs were liable by law to be assessed for said shares, a nonsuit is to be entered ; otherwise the defendants are to be defaulted.

*J. H. Williams,* for plaintiffs.

1. The provisions of law to govern the assessors are found in chap. 159 of Laws of 1845.

By § 4, "all shares in moneyed corporations" are classed as *personal* estate.

By § 9, "all personal property shall be assessed to the *owner,* in *the town,* where he shall be an inhabitant on May 1st," &c., *except* in certain cases, viz ; "machinery and goods" belonging to any corporation shall be assessed to such corporation, in the town where such machinery and goods are situated or employed.

But shares of stock are not within the exception, and fall therefore under §§ 9, 10.

Augusta Bank *v.* Augusta.

"The owners" are the stockholders, and all their personal property for the purpose of taxation, is represented by the shares of the several shareholders, who are taxable for them "in the towns where they reside." 5 Greenl. 133; 10 Mass. 516.

2. A *corporation, eo nomine,* is not liable to be taxed for *any* of its personal property, by the general terms of said Act. Sect. 2, does not name *them* among the subjects of taxation.

Sect. 5, in its *exemptions,* does not exempt corporations, as such, but only the *property* of certain corporations.

Only in the particular case provided for in § 9, is "a corporation," as such, made a subject of taxation. Thus, for "real estate" and for "certain personal property," a corporation, as such, is to be taxed.

The phrase in § 2, "personal property of the *inhabitants* of this State," does not refer to corporations. 10 Mass. 517.

3. The provisions of clause 2, of §§ 10 and 11, show that no intention existed to tax property *twice.*

As to admissibility of the evidence that the shares were held by the plaintiffs as collateral, I refer to *Reed* v. *Jewell,* 5 Greenl. 96; *Smith* v. *Tilton,* 1 Fairf. 350; 9 Wend. 227; 14 Wend. 66.

*Lancaster & Baker,* for defendants.

1. By § 9, of c. 159, of the laws of 1845, all personal property shall be taxed to the owner in the town where he shall be an inhabitant on the first day of May of each year.

By § 2, of c. 165, of the same laws, shares in rail road companies are declared to be personal property and taxable as such, to the owners in the places where they reside.

By § 13, of c. 1, of the R. S. the word person, in the R. S. and in all subsequent statutes, "may extend to and include bodies politic and corporate, as well as individuals."

Who were the owners of these fifty shares in the capital stock of P. S. & P. R. R. Co. on the first day of May, 1852? The certificate for them issued to the bank in the usual form on the 27th October, 1851, and was absolute and unconditional on its face, and the bank so held them on the first day

·of May, 1852, for all legal and practical purposes. The bank then were the owners, and parol evidence is inadmissible to show, that, at the time the said certificate issued, any thing different was intended from what the papers, made at the time, indicate.

2. By § 13, of c. 76, of the R. S. the clerks of corporations are required on oath to return to the assessors of any town where any stockholder may reside, the name of the holder and the number of shares held by him, "and such returns shall be the basis of taxation on said property."

The case finds that the assessors of Augusta for the year 1852, assessed the tax complained of on those shares, in accordance with the return which was sent them by the clerk of the P. S. & P. R. R. Co. This the law last cited required them to do; how can that be illegal which the law enjoins?

This return is the only evidence the assessors are allowed to have of the ownership of these shares; in other words, it is conclusive upon them, and the law is imperative and peremptory, that it shall be the basis of taxation. Parol evidence or any other is therefore inadmissible, to change the law or affect the assessors in the discharge of their duties.

3. Nor is the argument, that if this tax be legal the capital stock of the bank will be twice taxed, a sound one. In the first place it is not true in fact. At the time the tax was assessed, these shares did not form any part of the capital stock of the bank. The note, which the Ken. & Port. R. R. Co. gave to the bank for the money borrowed, did represent so much of the capital stock of the bank, but these shares were separate and distinct property and liable by law to be taxed to the owner, whoever or whatever he might be, as much as any other description of personal property. If an individual had been the holder he could not have escaped taxation; why then should the bank? If the bank choose to become the owner of taxable property under such circumstances, it must take it, *cum onerc*, with the liability to be taxed which rests upon it.

SHEPLEY, C. J. — By the tax Act of 1845, c. 159, § § 2, 3, 4, the intention is clearly exhibited to subject all real and personal property of the inhabitants of this State to taxation, unless it be specially exempted. It is equally clear, that it was not the intention to subject the same property to be twice taxed at the same time, in the ordinary mode of taxation, when such a result could be conveniently and safely avoided. § § 10, 11, 12, 13, 14.

Hence it is, that the second provision of the tenth section is found to declare, that all real estate belonging to any corporation, as well as all its machinery and goods, shall be assessed to such corporation, in the town or place where such real estate or machinery and goods are situated or employed ; and that when the stockholders are assessed for the value of their shares, their proportional part of the value of such real estate, machinery and goods, shall be deducted from the value of their shares.

Yet it is true, that property is liable in many cases to be taxed twice, when it would appear to be difficult or unsafe to make provision by law to prevent it. Thus, stock in trade may be taxed to the owner, while he may be indebted for it to many persons, who may be taxed for those debts, or for the money loaned to purchase it. Real estate may be taxed to a mortgager in possession, while the mortgagee is taxed for the money secured by the mortgage.

A valuation of taxable property is, usually, very much greater than the actual value of the property owned by a community. This may be unavoidable. So imperfect are all human institutions, that perfect equality in the imposition of burdens is not to be expected. These provisions for valuation and taxation, are not considered to be in conflict with the general purpose to have all property subjected to taxation once, and only once, at the same time.

If the fifty shares of the Portland, Saco & Portsmouth Rail Road Co. constituted a part of the capital of the Augusta Bank, they were liable to taxation only by an assessment upon its stockholders, for the value of their shares. If they did

not constitute a part of that capital, and were held by the bank by such a title, that no other person or corporation could be legally taxed for them, as the owner; they should be held liable to taxation to the bank, for the general purpose of the law would otherwise be defeated.

It appears from the agreed facts, that the Kennebec & Portland Rail Road Co., borrowed of the Augusta Bank $5000, and gave its note to the bank therefor, and at the same time caused a certificate for the fifty shares to be issued to the bank in the usual form of absolute ownership. It is apparent, that the note and the stock both did not constitute a part of the capital of the bank. The loan of $5000, being made in the usual course of its business, the note received for it would constitute a part of its capital. The purchase of stock or shares in another corporation, would not be a transaction in the usual course of business, and it does not appear, that any portion of its capital was paid out therefor.

It is agreed, that the Kennebec & Portland Rail Road Co., and not the bank, received the dividends payable upon these shares. That the shares were sold by the bank on October 9, 1852, and that the proceeds were applied to pay the note. The conclusion is unavoidable, that the shares did not constitute a part of the capital of the bank, and that they were not assessed as such.

Parol evidence would not be admissible to prove, that the absolute title of the bank was intended to be a conditional one.

This case is not therefore, like the case of the *Waltham Bank* v. *The Inhabitants of Waltham*, 10 Metc. 334, where it was decided, that rail road shares, held by the bank in mortgage, were not taxable to the bank, but were to the mortgager.

Although parol evidence could not be admitted to change an absolute title into one conditional, it would not follow, that the bank holding the shares by an absolute title, might not, upon parol evidence, be held accountable to the Kennebec & Portland Rail Road Co. for their value.

It is insisted, that no provision is made by statute, for the

taxation of personal property to a corporation, except in cases provided for by the tenth section of c. 159, not including shares in a corporation.

Provision having been made by statute, c. 1, § 3, that the word " person," might include bodies politic and corporate, as well as individuals, the Legislature does not appear to have been careful to notice corporations by name, when making enactments designed to operate upon all owning property or subjected to responsibilities.   Nor has it been careful in all such cases to use the word person.   Provision having been made by the ninth section of the statute, c. 159, that all personal property, except that enumerated in the tenth section, should be assessed to the owner in the town or place where he should be an inhabitant ; when a corporation has been ascertained to be the owner, and to have its place of business established in a town or place, it must be considered as liable to taxation for personal property, not composing a part of its capital, especially in cases coming within the provisions of the statute, c. 76, § 13.                    - *Plaintiffs nonsuit.*

TENNEY, APPLETON and CUTTING, J. J. concurred.