THE STATE, FREDERICK W. HERRMAN ET AL., PROSECUTORS, v. THE TOWN OF GUTTENBERG, IN THE COUNTY OF HUDSON, AND THE BOARD OF COUNCILMEN OF SAID TOWN.

Submitted July 12, 1898—Decided November 7, 1898.

1. The act of the legislature entitled "An act authorizing towns to issue bonds for the purpose of raising money to pay certain bonds and improvement certificates and interest thereon, and judgments recovered thereon heretofore legally issued and now due," approved March 19th, 1898 (*Pamph. L., p.* 63), is a general act and not a private, local or special law, in violation of section 7, paragraph 11 of the constitution of this state, regulating the internal affairs of towns and counties, and it does not embrace any provision of a private, special or local character.

2. This act is not an act in its terms or effect interdicted by section 7, paragraph 13 of the constitution of this state, which provides that "property shall be assessed for taxes under general laws and by uniform rules according to its true value."

3. A resolution of the council of a town to issue bonds under and in accordance with the provisions of said act, will not be rendered invalid because the prosecutors have paid their assessments for benefits on their lands by reason of the improvements of the streets, for the costs and expenses of which the bonds and improvement certificates were issued, and which are due and unpaid, and which are the basis of and to pay which the bonds under such resolution are to be issued and sold; that this is not, in any legal sense, an imposition of double taxation or an inequality of taxation contrary to the provision of the constitution requiring property to be assessed for taxes by uniform rules and according to its true value.

---

On *certiorari.*

Before Justices Lippincott and Gummere.

For the prosecutors, *Charles C. Black.*

For the defendants, *William H. Corbin.*

The opinion of the court was delivered by

Lippincott, J.    The matter to be reviewed by the writ of *certiorari* in this case is the validity of a proposed issue of bonds by the town of Guttenberg, in the county of Hudson, under an act of the legislature entitled "An act authorizing towns to issue bonds for the purpose of raising money to pay certain bonds and improvement certificates and interest thereon, and judgments recovered thereon heretofore legally issued and now due," approved March 9th, 1898.   *Pamph. L., p.* 65.

On March 21st, 1898, the board of councilmen of the town of Guttenberg, by resolution, ascertained that there existed outstanding bonds of the town, issued for the costs and expenses of street improvements, to the amount of $26,000, legally issued by the town on January 1st, 1876, which became due on January 1st, 1886, with the accrued interest thereon ; that, also, there existed improvement certificates legally issued for the sum of $12,025.36, with accrued interest from the date of issuing the same ; also, that there existed judgments recovered in the different courts of this state and the courts of the United States against the town, upon other bonds and certificates, and interest thereon, due and unpaid, to the amount of $29,679.99, with interest thereon from the date of the recovery of the judgments respectively.   The further resolution was that there be issued by the said town bonds to the amount of $90,000, to provide for the payment of these outstanding bonds, certificates and judgments, and interest thereon, designating the date which the bonds should bear, the rate of interest, when payable and the character of the bonds, and providing for their execution, and that they be sold to the highest bidder at not less than par value, and

for the application of the proceeds to the payment of the bonds, improvement certificates and judgments mentioned, with the interest thereon, and providing for the creation and management of a sinking fund to be constituted of the moneys to be received from the assessments, redemption from sale for unpaid assessments, for and on account of any of the improvements for which said bonds and improvement certificates were originally issued·; and also that every year, whilst the bonds issued under this resolution should remain unpaid, there should be raised by taxation two per cent. of the total amount of the issue of said bonds, which two per cent. should also be paid into the sinking fund, which sinking fund should not be used for any other purpose than the redemption of the bonds so issued under this resolution, and providing further for levy and collection annually of the interest on the bonds so issued.

These bonds were, by such resolution, to become due and payable as follows: Ten thousand dollars on April 16th; 1903, at five per cent. interest; $10,000 on April 16th, 1908, at five per cent. interest; $10,000 on April 16th, 1913, at five per cent. interest; $6,000 on April 16th, 1913, at five per cent. interest.

These resolutions were issued by virtue of the act to which reference has been made (*Pamph. L.* 1898, *p.* 63), the first section of which provides that "it shall be lawful for the town council or other governing body of any town in this state to provide for the payment of all bonds and improvement certificates heretofore legally issued by said town for and on account of any street improvement or improvements and now remaining unpaid, and for the payment of interest due thereon, and of any judgments recovered· on any such bond or bonds, improvement certificate or ·certificates, by the issue and sale of the corporate bonds of such town, in an amount not exceeding the total amount due by the town on and·for the bonds, improvement certificates, interest and judgments aforesaid." The act also further provides for the denomination, times of payment of the bonds, the rate

of interest and execution and character of bonds, whether coupon or registered, the creation of the sinking fund, the levy of the amount of two per cent. of such bonds to be raised annually, to be placed in the sinking fund, and for the levy and collection of the interest on such bonds annually.

It will be observed by reference to the proceedings of the board of councilmen of this town and the proofs in this case that these resolutions were in entire accordance with the act cited. The amount for which the bonds should be issued is clearly shown by these proceedings and by the proof to have been correctly ascertained, and it exceeds the amount of $90,000. There is no want of conformity with the law in the ascertainment of the amount for which the bonds should be issued, and it fully appears that the proceedings of the councilmen were in nowise informal or irregular. · Some informalities and irregularities were hinted in the argument made by counsel, but an examination of the proceedings of the councilmen and proof made under the writ reveals none whatever. It is conceded that the bonds and improvement certificates for street improvements in the town of Guttenberg were legally issued and were binding obligations against the town.

The bonds to be issued by the resolution are those of the class authorized by the statute, and the resolutions are specific and definite as to their object and purpose.

The sole objection, under the reasons, relied on by the prosecutors is that the statute is unconstitutional.

It will be observed that the act is general in its title and text; it applies to all towns in this state. So much has been conceded by the prosecutors.

But it is contended that it should apply to cities and townships as well, and that its failure to do so renders it a special act.

Admitting for a moment that this contention has some force, it can be answered by the adjudications in this state that the term "town" includes in its significance cities, boroughs, townships and villages, which have conferred upon

them by statute similar municipal powers and duties, or in other words, a similar form of government. It is the substance of the thing and not the mere title which determines the character of the municipality.

Under the term " town," a village, borough and city are included; for instance, every borough or city is a town. *Van Riper* v. *Parsons,* 11 *Vroom* 1. It may be said that the term " town " now includes almost every character of municipal government from a city to a village, including places which are governed by a commission with some municipal governmental powers, and designated by such a title, and if the functions of these different municipalities are similar, this term " town " would seem to include them all. *Long Branch* v. *Dobbins,* 32 *Id.* 659.

But in order to sustain this act it is not necessary to go so far, nor does it need much discussion to determine that if it applies only to those places as have become incorporated under our statutes by the title of towns, that this is a classification so general and so natural as relating to the municipal powers usually conferred, that legislation which refers only to such municipalities is not for that reason alone to be adjudged unconstitutional. This classification alone will not render available the interdict of the constitution against special legislation. This, as now understood, is the clear meaning of all the adjudications on this subject. *Van Riper* v. *Parsons, supra; Lowthorp* v. *Trenton,* 32 *Vroom* 484, 487; *Long Branch* v. *Dobbins, supra.*

The objections to the act, as made by the reasons filed and in the argument, are general in their character, including the one above considered. And again, it is contended that this act does not include provision for the payment by the issue of bonds of all classes of indebtedness, all bonds and improvement certificates, and that it is limited to past-due bonds and improvement certificates, based upon street improvements, and judgments, when recovered on bonds, based upon street improvements, when it should include all classes of bonds, improvement certificates and judgments, those not due and

unpaid as well as those past due, and that this is a classification entirely artificial.

Also, it is objected that the statute is unconstitutional because it is in conflict in its application in this case to section 7, paragraph 13 of the constitution, which provides that "property shall be assessed for taxes under general laws and by uniform rules according to its true value."

Now, in the consideration of these objections, we have seen that the act, both in title and in text, is general, and we have seen that whilst this act may, in its application to the facts, relate to one town alone, yet that by itself does not render the act invalid. It need only embrace one subject and yet be a good enactment. The classification which renders it repugnant to the constitutional prohibition against special legislation must arise from the act.

The act here applies to a past indebtedness arising out of street improvements. The act thus classifies the subject which is to be dealt with.

It is not shown in this case that this classification of the subject is one which has attributes and qualities which render it one which cannot be appropriately dealt with by legislation, and when this does not so appear, or where it is doubtful in the mind of the court, the statute should be upheld. The towns, by the statute, are not subdivided into classes at all in this respect, but the situation is discovered to exist under an act general in its provisions, and if it be found that the statute has a reasonable relation to towns where such situations are found to exist, then the constitutional limitation or condition has been entirely fulfilled. *Foley* v. *Hoboken*, 32 *Vroom* 478.

Past-due unpaid indebtedness of a municipality must necessarily stand apart from indebtedness which is not due and payable, and from indebtedness which must necessarily be incurred in the future exercise of the functions and duties of government. I think that instances of legislation relating to this class of indebtedness are so numerous, and cover such a space of legislative period, that if they were eliminated the

bulk of our statutes would be seriously diminished. It has become a legislative policy to deal with it separately. The legislature, in dealing with it, has found its attributes and qualities such as not only to need but require exclusive legislation upon that subject.

And on this particular subject, as to the costs and expenses of street improvements, I venture to say that there has been hardly a municipality of any size in territory or population which has not required legislation, in order to do justice to its creditors in relation to the past-due indebtedness incurred by reason of the costs and expenses of such improvements. Remedial statutes have been numerous and varied in their character, and it is too late in the history of the legislation of this state, as it now appears, to question the validity of such legislation merely on the ground that it relates to obligations incurred in the past and overdue. There are so many incidents between the initiation of the improvement, its completion, and the payment of the costs and expenses thereof, to those who have furnished the labor and materials therefor, which so seriously interferes with the success of the scheme by which they were inaugurated, carried on and completed, and payment therefor provided, that it cannot be said that the indebtedness therefor remaining unpaid does not possess characteristics so reasonable and natural, which render the classification by legislation, having exclusive reference to it, entirely appropriate.

There can be no question but that the legislature could have provided that the whole cost and expense of these improvements should be imposed upon all the taxable property in the municipality, by general taxation. *Wilson* v. *City of Trenton,* 26 *Vroom* 228.

After the improvement is completed the whole scheme of assessment for benefits may fail, or be set aside, the laws providing for the enforcement thereof be defective and avoidable; the assessment may not be paid, and the municipality may be compelled to purchase the property assessed for benefits, and other essentials necessary to a realization of the assessment for

special benefits are so numerous and so often difficult of performance as to leave the cost and expense of the improvement, or a greater part of it, to be borne by the public at large, or else the loss be inflicted upon those at whose expense the improvement was made, upon the obligation of the municipality to pay therefor, or upon those who advanced the money to the municipality with which the improvement was made; and the whole subject presents qualities which it would appear naturally to render legislation to pay and discharge the obligations incurred and overdue perfectly appropriate; and that a classification of such a subject in relation to the provision for payment, either by the issue of bonds, or present taxation, is one to which no constitutional objection could prevail. We have seen such legislation upon a large scale in what is now commonly known as the Martin act, passed in 1886, and other kindred acts subsequently enacted, relating to this single subject and which have been upheld by the courts of this state as valid enactments.

These bonds and improvement certificates and judgment thereon are general obligations against the municipalities, and are possessed of such attributes that naturally and reasonably in making provision for their payments, as to render this statute appropriate for that purpose, and the classification is not interdicted by the constitutional limitation.

Nor can this act be successfully assailed on the ground that it is in effect in violation of section 7, paragraph 13 of the constitution, that "property shall be assessed for taxes under general laws and by uniform rules according to its true value."

This contention is founded on the facts as shown in the proof, that some portion of this past-due indebtedness of the town for which this issue of bonds is proposed is to pay the bonds and improvement certificates issued for the improvement of Hudson and Herrman avenues, in the town of Guttenberg, and that for the costs and expenses thereof, either in whole or in part, assessments were made against the lands of the prosecutors for the special benefits derived, which have been

paid by them, and that, therefore, the prosecutors, as property-owners in said town, will be compelled to pay a proportion of such assessments over again in the form of general taxation, to. pay the principal and interest on said bonds issued under the resolution, and that thereby, also, they will be compelled to pay a taxable proportion of the benefits to other property specially benefited by the improvement, or in other words, either double or unequal taxation results by the application of this act, and therefore it is invalid.

It will be observed that it cannot be said that this will be the effect of this act. The taxation to result as the effect of this act is entirely distinct from the assessment which has been made for the costs and expenses of these improvements, and can be dealt with separately by the legislature. It is true that this act creates a sinking fund out of the collection of these and other assessments, in order that taxation under the act may be lessened, but it is the discharge of general liability of the town for the payment of the improvement bonds and certificates and the judgments against the town for which the act is designed. The act seeks to discharge this general liability for which all the property of the prosecutors is already bound. The liability of the prosecutors is already fixed by the obligation of the town to pay this indebtedness, and the liability or burden of the prosecutors is neither increased nor lessened by this act.

There is a fundamental distinction between taxation and the plan of special assessments. Taxation is a burden imposed upon all alike, upon principles of equality and uniformity. These assessments are benefits, not burdens, and are imposed upon property because the equivalent inheres in or upon the property the moment the assessment is made. *Protestant Foster Home Society* v. *Mayor, &c., of Newark,* 7 *Vroom* 478; *In re Commissioners of Elizabeth,* 20 *Id.* 501; *Mount Pleasant Cemetery Co.* v. *Mayor, &c., of Newark,* 21 *Id.* 68.

The burden upon the prosecutors by reason of this enactment will be imposed by rules applicable alike to every other

citizen of the town, and produces of itself no inequality whatever. The liability could have been imposed upon the town at large in the first instance, and there can be no rule of constitutional interpretation which would prevent the legislature from imposing it upon the town at any stage of the progress of the improvement or collection, or in default of its collection. *Wilson* v. *Trenton,* 26 *Vroom* 228 ; *Dill. Mun Corp.* (4th ed.), § 459 *et seq.,* and cases cited.

It must be remembered that the municipal indebtedness existed previous to the passage of the act of the legislature, and the town was already bound to discharge this indebtedness, not wholly out of the assessments to be collected, for that is only a method of reimbursement for municipal liability, but because of the general liability created by law to pay the costs and expenses of these improvements. Such inequalities as have arisen by reason of the attitude of the individual taxpayer towards the assessment, which, in theory at least, was a benefit to his property, must be borne by him so long as the liability of the town to pay its general obligation is imposed upon him in common with other taxpayers, with the uniformity required by the constitutional provision. The matter of his assessment upon his lands for the special benefits conferred upon his property by the improvement is a matter standing separate and entirely apart from his liability to taxation for his share of a general burden, however it may have arisen. That it may work some inequality may well be conceded, and how it can be avoided where a general charge is created by the failure of a special fund to which he has contributed cannot well be ascertained.

Instances are numerous after an assessment for special benefits has been made, and many of the individual assessments have been paid, the collection of the whole fails, and the part remaining unpaid has been made a general charge, in one way or another, sometimes by the issue of bonds, sometimes by a remission of a portion, and a re-assessment of a much smaller sum for benefits, and the imposition of the difference upon the property at large of the municipality. The instance¬

of legislation permitting this method of finally settling the obligation for the costs and expenses of all improvements of streets, where special assessments were provided, which were either wholly unpaid or partly unpaid, have been usual. All such statutes create certain inequalities and irregularities in connection with the assessment which cannot be avoided, but in no instance brought to my attention has it been successfully contended that such statutes imposed, in a legal sense, double taxation, or were in violation of the provision of the constitution to which reference has been made.

By virtue of this act, after the bonds are issued and with the proceeds the indebtedness of the town paid, a tax is to be levied to pay the interest on such bonds and the principal when due. This is a tax to be levied, and there is no double taxation, in a legal sense, to be imposed upon the prosecutors. They having paid for their special benefit may claim that some practical inequality exists, but the call upon them is for the existence, continuance and performance of the functions of the municipal government, and it may, for all that is said of its inequality, be but a just burden which is imposed. It is the justice of the burden which is imposed which is looked to, if the burden is imposed by uniform rules and according to the true value of the property. In this proceeding it cannot be said that the assessment upon the prosecutors was unjust. The mere payment of that assessment affords no ground why the town should not pay its just obligations incurred because of the costs and expenses of the improvement, nor any legal reason why the prosecutors must not contribute to the taxation necessary to accomplish that end. If the collector of these assessments, after he had collected all of them, had defaulted, the obligation of the town would have remained as binding as ever, and its duty to discharge such obligations would have been enforced by a general charge upon the property located in the town. It could not be said that such a tax levied to discharge the obligation, if no other reason existed, would be contrary to the provision of the constitution, "that property shall be assessed for taxes under

general laws and by uniform rules according to its true value."

Duplicate or double taxation must in practice take place however carefully the law may have been framed to avoid it, and a tax will not be set aside on that ground merely, nor will a statute be declared unconstitutional merely because such taxation under certain situations results. *Augusta Bank* v. *Augusta*, 36 *Me.* 255. A corporation can be taxed on its capital stock, and the corporators on their shares. *Fairrington* v. *Tennessee*, 95 *U. S.* 679; *Sturges* v. *Carter*, 114 *Id.* 511. Land may be taxed at its full value and also the mortgage upon it, if it be not forbidden or regulated by statute. *People* v. *Board of Supervisors*, 38 *N. W. Rep.* 639.

"However absolute the right of an individual may be, it is still the nature of that right that it must bear a portion of the public burdens, and that portion must be determined by the legislature." This vital power may be abused; but the interest, wisdom and justice of the representative body and its relations with its constituents furnish the only security where there is no express contract against unjust and excessive taxation, as against unwise legislation generally. *Providence Bank* v. *Billings*, 4 *Pet.* 514, 561; *McCallock* v. *Maryland*, 4 *Wheat.* 316, 430.

If the act of the legislature imposes a tax, it is no objection to the act that it in part operates upon a situation, the result of which will be an inequality of public burden, and the imposition of the tax will be effective if it be levied according to the provisions of the constitution. Unless the act itself directs the tax to be levied otherwise it cannot be contended that the legislation is invalid; in fact, the constitution itself does nothing more than state a principle or limitation, whatever it may be called, which inheres, or is a part of the power to tax, and a valid levy could not be made in the absence of such restriction.

I think it may be said that the payment of the prosecutor of the assessments, can have no effect upon the liability to taxation under this act, and it certainly cannot be that this

situation renders the act one which creates in a legal sense any inequality of taxation. The assessments are in no sense taxation. They. are not levied under the constitutional restraint. These assessments are often, and perhaps mostly, made by some other standard than mere value of the property assessed. They are assessed or imposed not according to the value either distinctly or relatively, but imposed by measuring the benefit which each receives from the improvement.

They do not come under the provision of the constitution on the subject of taxation. *Cooley's Const. Lim.* (6th ed.), *pp.* 612, 613, and cases cited.

When taxation takes money for public use the taxpayer receives or is supposed to receive his just compensation in the protection which the government affords to life, liberty and property, and in the public convenience which it provides, and in the increase of the value of possessions which come from the use to which the government applies the money raised by tax, and these benefits amply support the individual burden.

Absolute equality in the burdens of the citizen is unobtainable; the approximation is all that can be reached. The law, the evident intent and legitimate result of which is to equalize the burden so far as practicable, is not to be held to be in violation of the constitution because the desired end may not be reached. Uniformity in taxation under the constitutional provision does not prevent exemptions being declared, nor the division of things taxable. If the tax be one which it is proper to impose, and it provides for its imposition alike upon all property within the taxing district, according to its value, it cannot be contended that the act is invalid because it, in its execution, meets with a situation which produces an inequality of public burdens upon some one or more individuals in the community. *State* v. *Chambersburg,* 8 *Vroom* 258 ; *State* v. *Newark,* 1 *Dutcher* 315.

The proceedings and resolutions reviewed must stand affirmed and the writ dismissed, with costs.