No. 22,086.

THE FARMERS & BANKERS LIFE INSURANCE COMPANY, *Appellant*, v. W. R. WHITNEY, *Appellee*.

SYLLABUS BY THE COURT.

WRITTEN CONTRACT—*Evidence of Parol Agreement Inadmissible.* The answer and cross petition of the defendant herein is interpreted, and it is held that a parol agreement of which evidence was received was not within the issues formed by the pleadings, and, further, that the parol agreement varied and added to the written contract between the parties, and therefore the evidence of the parol agreement was inadmissible.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed July 5, 1919. Reversed.

*J. A. Brubacher*, of Wichita, for the appellant.

*C. W. Burch, B. I. Litowich*, and *LaRue Royce*, all of Salina, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by the Farmers and Bankers Life Insurance Company against W. R. Whitney, to recover on four promissory notes executed at different times by the defendant in favor of the plaintiff, and aggregating $1,100. The answer was a general denial and a counterclaim setting forth an indebtedness of the plaintiff to defendant arising out of agreements and certain agency transactions. The jury found in favor of the defendant and assessed the amount of his recovery at $2,594.66. The plaintiff appeals, and its principal contention is, that testimony was received which was not within the issues formed by the pleadings, and also of negotiations and agreements which were not expressed in the written contract pleaded by the defendant, and which varied and added to that contract. ·

In the answer and cross petition of defendant it is alleged that the plaintiff's notes had been paid, in this, to wit:

"For further answer to plaintiff's petition the defendant states that each of the notes set forth in the several causes of action contained in the plaintiff's petition have been satisfied and paid in this to-wit: That on or about April 10, 1911, the plaintiff and defendant entered into a contract according to the terms of which the defendant was to act as the general agent of the plaintiff in certain territory in Kansas, according to the terms of which contract he was to receive commissions upon all business he might write and renewal commissions upon all business he might write; a copy of which is hereto attached, marked exhibit 'A' and made a part hereof; that thereafter, on April 11, 1911, he entered into a contract with the said plaintiff, according to the terms of which any balance of any indebtedness which might be due plaintiff on account of said notes referred to in plaintiff's petition should be paid out of the renewal commissions accruing under the terms of said written contract hereinbefore referred to, a copy of which said last mentioned contract is hereto attached, marked exhibit 'B' and made a part hereof; and that subsequent thereto, and on January 5, 1912, the defendant herein entered into a certain written contract with one F. R. Fenn, and the plaintiff, which said written contract, was in full settlement of any and all business matters up to that date. including said notes, of any kind or nature whatsoever, and provided that he should receive ten per cent of all business written by said Fenn under his contract with plaintiff, which contract is in possession of plaintiff and cannot be set forth herein, and which contract was in fulfillment of any and all obligations existing between plaintiff and defendant, a copy of which contract is attached hereto, marked ex-

Insurance Co. v. Whitney.

hibit 'C' and made a part hereof. On account of all of which plaintiff alleges that the notes hereinbefore referred to have been paid and fully satisfied."

## The contract referred to in the answer is as follows:

"This agreement made and entered into this 5th day of January, 1912, between F. R. Fenn, party of the first part, and W. R. Whitney, party of the second part.

"Witnesseth: First, that said first party agrees to allow said second party ten per cent (10%) out of the first year's commissions on new business written by said first party under his contract with the Farmers and Bankers Life Insurance Company; also two-fifths (⅖) of his compensation for retransferring of business from the Security Life Association plan to the regular old line, legal reserve plan, until the total of such allowances shall be two thousand dollars ($2000.00). The above allowances are to be paid the Farmers and Bankers Life Insurance Company by said first party and credited to the account of said second party by said company.

"The second party agrees that the above consideration is in full for all claims whatsoever which he may have against the said first party and the Farmers and Bankers Life Insurance Company. In consideration of the above allowances said second party agrees to release all his rights as general agent in the territory in the state of Kansas north of the counties of Wallace, Logan, Gove, Trego, Ellis, Russell, Ellsworth, McPherson, Dickinson, Geary, and west of the counties of Riley and Marshall, and including said counties.

"The said second party also agrees to cease writing business in any of the above mentioned territory at once with the exception of such territory as may be agreed upon in writing in advance within a radius of forty miles from Salina.

"The said second party also agrees to leave Salina and cease the solicitation of new business on or before July first, 1912.

"It is understood that the Farmers and Bankers Life Insurance Company will render each of the parties hereto a statement from time to time of the standing of the accounts under this agreement.

"In witness whereof, we have hereunto set our hands this fifth day of January, 1912.            "F. R. FENN, party of the first part.
                        "W. R. WHITNEY, party of the second part.
    "Approved and agreed to 1/5/1912.
            THE FARMERS & BANKERS LIFE INS. CO.,
                By JAMES P. SULLIVAN, Sec'y."

Defendant further alleged that he had not been paid the allowances specified in the written contract, and that the new business written by Fenn, of which he was to receive ten per cent, amounted to more than $20,000, and that he had not received his compensation for transferring the business of the

Security Life Assurance Association, for both of which he was to receive compensation up to the amount of $2,000, and further, that the plaintiff had failed to render any account of premiums earned by Fenn, or to account to the defendant for them as stipulated in the written contract. He asked for an accounting, and a judgment in his favor for $2,000, with the interest thereon since January 5, 1913.

Over the objection of the plaintiff, evidence was admitted to the effect that under a parol agreement with the plaintiff as to the surrender of his general agency to Fenn and as to his services in the transfer of the security company to the plaintiff company, his notes were to be fully satisfied and discharged. This, it is contended, was not within the issues formed by the pleadings and that this agreement constituted an alteration of and an addition to the written contract pleaded.

The theory of defendant is that the written contract was between defendant and Fenn, and not between the defendant and the plaintiff; and that he had held a general agency with the plaintiff which it desired should be surrendered to Fenn, who had assisted in securing the merger of the plaintiff with the other insurance company, and that, therefore, a parol agreement was made between defendant and plaintiff that if defendant should make a satisfactory agreement with Fenn as to commissions on new business and renewal commissions, the plaintiff would accept such arrangement and contract as a settlement of all business affairs which it had with the defendant, including the release of the notes in suit. The contention is that the written contract did not undertake to express the agreement made between plaintiff and defendant, but that the agreement between Fenn and the defendant, when accomplished, would clear the way to a settlement with plaintiff and would be accepted by plaintiff as it might have accepted a deed or lease in fulfillment of the parol agreement between the plaintiff and defendant, including the discharge of defendant's notes. It is further said that defendant is not asking for a recovery from plaintiff on the basis of the written agreement, and that he only referred to it in his cross petition as an incident to his agreement with plaintiff, and its execution as something to be accomplished before plaintiff would contract with the defendant, and that the parol agreement relied on by de-

fendant does not vary, or add to, the written contract set out herein.

We are of the opinion that the pleading and written contract do not admit of the interpretation placed upon them by the defendant and which the trial court appears to have adopted. The cross petition treats the written contract as a three-party agreement. It alleges that "the defendant herein entered into a certain written contract with one F. R. Fenn *and the plaintiff.*" The written contract opens with a statement that Fenn is the party of the first part, and Whitney party of the second part, but in the body of the agreement it is provided that the allowances to be made by Fenn out of the commissions on new business, and the compensation for transferring the business from one company to another shall be paid first to the Farmers & Bankers Life Insurance Company, and it was to credit the account of defendant with such payments. It stipulates that these payments when made shall be in full of all claims that Whitney may have, not only against Fenn, but also against the plaintiff.

It further provides that in consideration of payments so made the defendant shall release all his rights as general agent of plaintiff within certain described territory and shall cease writing insurance business there. The plaintiff's signature was regarded to be necessary, and its written approval and agreement was added to the writing. It is agreed that allowances which defendant receives shall operate as a discharge of all the claims made as against the plaintiff, but omits to insert any agreement or provision that the claims which the company holds against him shall be discharged. Following the provision for the release of his claims against the company was an appropriate place for inserting the release of his notes, as alleged in his answer and cross petition, and, so framed, the writing would have covered completely all the claims of the defendant in support of which the questioned evidence was offered. Some of the language used in the cross petition tends to sustain the theory of a parol contract, but a fair interpretation of it leads to the view that the agreement referred to by the defendant in its pleading was the written one entered into by three parties who signed it. The evidence in behalf of the defendant, upon which the verdict was based, supports the

theory now advanced by defendant, that he had a distinct agreement with plaintiff, and that the acceptance of the written agreement between Fenn and the defendant was in fulfillment of the parol agreement, which it is testified provided for the release of defendant's notes. If this were the only difficulty, the pleading might be treated as amended in order to conform to defendant's testimony. However, as the case is presented, the parol agreement to release the notes sued on by plaintiff is deemed to be a variance of the written agreement and an addition to it, and, hence, the evidence of the parol agreement should have been excluded. Because of this error, the judgment is reversed, and the cause is remanded for further proceedings.