Insurance Co. v. Whitney.

No. 23,709.

THE FARMERS & BANKERS LIFE INSURANCE COMPANY, *Appellant*, v.
W. R. WHITNEY, *Appellee*.

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Demurrer to Answer and Cross-petition Properly Over-
ruled.* A demurrer to an answer and cross-petition is held to have been
properly overruled, the points made against it being such as are available
only on motion.

2. SAME — *Action Not Barred by Statute of Limitations.* Although the
amended answer and cross-petition attacked by demurrer declared upon
a written contract and was filed more than five years after the claim relied
on had accrued, the running of the statute of limitations was prevented
by the filing of a former answer sufficiently setting out the same cause of
action.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed
November 4, 1922. Affirmed.

*J. A. Brubacher, W. J. Sargent,* both of Wichita, and *Z. C. Millikin,* of
Salina, for the appellant.

*C. W. Burch, B. I. Litowich,* and *La Rue Royce,* all of Salina, for the
appellee.

The opinion of the court was delivered by

MASON, J.: The Farmers and Bankers Life Insurance Company
sued W. R. Whitney upon several promissory notes executed by
him. He filed a second amended answer and cross-petition, to
which the plaintiff demurred. This appeal is taken from the over-
ruling of the demurrer. A former judgment was reversed on ac-
count of the erroneous admission of evidence. (*Insurance Co. v.
Whitney,* 105 Kan. 237, 182 Pac. 645.)

1. The allegations of the pleading attacked may be thus sum-
marized: The defendant was the general agent for the plaintiff
in certain territory and was entitled to some renewal commissions.
The plaintiff wished to appoint one F. R. Fenn as its general agent
in this territory. At the solicitation of the plaintiff the defendant
entered into a written contract with Fenn, which was also signed
and agreed to by the plaintiff, providing that the defendant should
release his claim for such commissions and Fenn should allow him
10 per cent of the "first year's commissions on new business writ-
ten by" him [Fenn] under his contract with the plaintiff, and also

10—112 KAN.

two-fifths of his compensation for "re-transfering" certain business from one plan to another, until the total of such allowances should be $2,000, these allowances to be paid to the plaintiff by Fenn and credited to the account of the defendant. Under this contract the defendant was entitled to ten per cent of the first year's commissions on new business written by Fenn under the terms of his contract with the plaintiff. The total premiums on new business written by Fenn under his contract amounted to more than $20,000, ten per cent of which the plaintiff received on account of the defendant. Fenn also earned under his contract with the plaintiff premiums for such retransfer many thousand dollars (the exact amount being unknown to the defendant), two-fifths of which the plaintiff received on account of the defendant. The plaintiff refused to render the defendant an account of these sums, did not pay them to him, and now owes him $2,000 on account thereof.

The plaintiff contends that the answer does not plead any contract between Fenn and the plaintiff. It alleges that the plaintiff wished to make Fenn its agent in place of the defendant, and solicited the making of the contract between Fenn and the defendant, which it also signed and approved; that the contract provided for the disposition of commissions to be earned by Fenn, a part of which were to be paid by Fenn to the plaintiff for the benefit of the defendant; that under this contract with Fenn the plaintiff was entitled to ten per cent of Fenn's first year's commissions on new business written by him under his contract with the plaintiff; that the plaintiff received this ten per cent, $2,000 of which it held for the defendant. The absence of an allegation in so many words that Fenn entered into an agency contract with the plaintiff is not a ground of demurrer, the existence of such contract being so clearly assumed and implied that the plaintiff could by no possibility have failed to understand from reading the answer that the defendant was asserting it had been entered into. "The true doctrine to be gathered from all the cases is, that if the substantial facts which constitute a cause of action are stated in a complaint or petition, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are imperfect, incomplete, and defective, such insufficiency pertaining, however, to the form rather than to the substance, the proper mode of correction is not by demurrer, nor by excluding evidence at the trial, but by a motion before the trial to make the

Insurance Co. v. Whitney.

averments more definite and certain by amendment." (Pomeroy on Remedies and Remedial Rights, § 549.)

The plaintiff also contends that the answer does not affirmatively allege that the amounts paid by Fenn to the plaintiff for the benefit of the defendant exceeded the credits allowed on the notes sued upon. These credits totaled $625.13. The statements that ten per cent of $20,000 from Fenn's first year's business was received by the plaintiff on account of the defendant, and that the plaintiff owed the defendant $2,000 on account of the matters stated, are at least inferential allegations to that effect.

As already indicated, the answer set out that the total "premiums" on the first year's new business written by Fenn amounted to $20,000, ten per cent of which the plaintiff received on account of the defendant. The plaintiff argues that the force of the allegation is destroyed by the use of the word quoted, inasmuch as the contract had to do with ten per cent of the first year's *commissions*. It is reasonably clear from the context that the pleader meant commissions.

The allegation immediately following, that by the transfer of business from one plan to another Fenn earned "premiums," to a portion of which the defendant was entitled, confirms this view. The word "premium" has of course a specific meaning in the insurance business which is well understood. But its general sense of a reward or recompense is near enough to that of "commission" to make its use as a synonym excusable, although inexact. The plaintiff cannot have been misled by this inaccuracy in the use of language.

2. The plaintiff further contends that the pleading attacked—the second amended answer and cross-petition—is demurrable on account of the statute of limitations, because it was filed October 7, 1920, and the cross demand it sets out accrued January 5, 1913. An amended answer and cross-petition, which sufficiently set out the same claim, was filed August 19, 1916, and from that time the statute of limitations ceased to run. Subsequent amendments, not essential to a statement of the cause of action, did not affect the matter. (*Culp v. Steere*, 47 Kan. 746, 28 Pac. 987.)

The judgment is affirmed.

BURCH, J., not sitting.