Radebaugh v. Dillon.

No. 25,168.

M. E. RADEBAUGH, *Appellant*, v. J. S. DILLON, *Appellee*.

SYLLABUS BY THE COURT.

1. TAXATION—*Persons Liable—Time When Liability Attaches.* One who owned personal property on the first of March, 1924, was under legal obligation to list it for taxation for that year and to pay the taxes thereon notwithstanding he sold and transferred the same on March 4, 1924—following *Howell v. Scott,* 44 Kan. 247, 24 Pac. 481.

2. CONTRACTS — *Modification — Contemporaneous Oral Agreements.* Where a written contract was complete and free from ambiguity, and where neither fraud nor mutual mistake was pleaded or proved, parol testimony of a contemporaneous oral contract relating to the same matter was incompetent.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed November 7, 1925. Affirmed.

*Don Shaffer* and *Mabel Jones Shaffer,* both of Hutchinson, for the appellant; *C. M. Williams,* of Hutchinson, of counsel.

*M. A. Aelmore,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: This controversy presents the question whether parol evidence was admissible to show an oral contract made contemporaneously with a written contract. The trial court held the evidence was not admissible and rendered judgment for defendant. The plaintiff appeals.

On March 3, 1921, the plaintiff and defendant entered into a written contract wherein the defendant agreed to convey to the plaintiff certain real estate in exchange for a stock of groceries and other merchandise. On March 4 the plaintiff executed to the defendant a bill of sale covering the groceries and merchandise. Afterwards the groceries and merchandise were assessed for taxation and the taxes paid by the plaintiff. The plaintiff in this action sought to recover from the defendant the amount of taxes so paid, alleging that at the time of entering into the written agreement to convey the groceries she had made an oral contract with the defendant whereby he agreed to pay the taxes.

The plaintiff was the owner of the groceries on March 1 and

1. Taxation, 37 Cyc. p. 788.   2. Evidence, 22 C. J. § 1664; 17 L. R. A. 272, 273; 10 R. C. L. 1036.

thereby became liable for the taxes then due. Her later convey-
ance of the groceries did not relieve her of such liability.

In *Howell v. Scott,* 44 Kan. 247, 24 Pac. 481, it was said:

"The person who owned certain personal property on the 1st day of
March, 1886, was under a legal obligation to list such property for taxation
for the year 1886, when called upon by the assessor to do so, and to pay the
taxes thereon, notwithstanding he sold and transferred the same on the
8th day of March, 1886." (Syl. ¶ 1. See, also, *State v. Holcomb,* 81 Kan.
879, 106 Pac. 1030; *Witschy v. Seaman,* 83 Kan. 634, 112 Pac. 739; *Lumber
Co. v. Chandler,* 90 Kan. 561, 135 Pac. 601.)

The written contract entered into between the parties appears to
be complete and free from ambiguity. There was neither plea nor
proof offered of fraud or mutual mistake. Under the circumstances
the trial court committed no error in refusing to consider parol
testimony of the alleged oral contract.

In *Ehrsam v. Brown,* 64 Kan. 466, 67 Pac. 867, it was said:

"Whether parties have committed their entire contract to writing is a
question for the determination of the court. In this determination the writ-
ing itself is the guide. If, on its face, it imports to be complete—that is, if it
contains such language as imports a complete legal obligation between the
parties—it is complete, and parol evidence will not be admitted to extend
its obligations to cover matters upon which the writing is silent." (Syl. ¶ 2.)

In *Hazelton v. Chaffin,* 109 Kan. 175, 197 Pac. 870, Mr. Justice
Dawson, speaking for the court, said:

"Where there is neither plea nor proof of fraud or mutual mistake, it is
conclusively presumed that the written contract contains the whole terms
and the only terms of the contract; and a person who has thus obligated
himself cannot defeat a recovery on such contract by parol evidence of mat-
ters at variance therewith. Were the rule otherwise the making of a writ-
ten contract would be a vain and useless undertaking. This has always
been the law in this state." (p. 177. See *Ft. Scott Coal Co. v. Sweeney,* 15
Kan. 244; *Sexton v. Lamb,* 27 Kan. 426; *Hopkins v. St. L. & S. F. Rly. Co.,*
29 Kan. 544; *Miller v. Edgerton,* 38 Kan. 36, 15 Pac. 894; *Willard v. Ostrander,*
46 Kan. 591, 26 Pac. 1017; *Brown v. Trust Co.,* 71 Kan. 134, 80 Pac. 37;
*Fontron v. Kruse,* 103 Kan. 32, 172 Pac. 1007; *Hudson v. Riley,* 104 Kan. 534,
180 Pac. 198; *Insurance Co. v. Whitney,* 105 Kan. 237, 182 Pac. 645; also,
13 C. J. 524.)

The judgment is affirmed.