**DAVID J. JOSEPH COMPANY, Appellant, v. EVATT, Tax Commr., Appellee.**

Board of Tax Appeals.

No. 6266.   Decided August 20, 1945.

Cohen, Hurtig and Cohen, Cincinnati, on behalf of the appellant.

Hon. Hugh S. Jenkins, Atty. Genl., Columbus, and Daronne R. Tate, Asst. Atty. Genl., Columbus, on behalf of the appellee.

## ENTRY

This cause and matter came on to be heard and considered by the Board of Tax Appeals upon an appeal filed herein by the appellant above named under date of November 5, 1942, from a final tax assessment order and certificate made and issued by the tax commissioner under date of October 21, 1942, making an assessment for the tax year 1942 on certain machinery and equipment as property of the appellant in Lemon Township Taxing District, Butler County, Ohio.

The case was heard and considered by the Board of Tax Appeals upon said appeal, a transcript of the proceedings of the tax commissoner relating to the assessment complained of, a stipulation of the facts in the case, and upon the briefs of counsel filed herein. Upon consideration thereof the Board finds that The David J. Joseph Company, a corporation under the laws of the State of Delaware and authorized to do business in the State of Ohio, was during the years 1941 and 1942 and prior thereto an intercounty corporation doing scrap iron and steel business in Lemon Township Taxing District, Butler County, Ohio, and in the City of Cincinnati, Hamilton County, Ohio. And it further appears that during said tax years the fiscal year of the company ended on May 31 annually; and, as authorized by the provisions of §5372-2 GC, and Rule No. 202 adopted by the tax commissioner pursuant to the authority of this section of the General Code, the appellant company made its intangible and personal property tax return for the tax year 1942 as of May 31, 1941.

It appears from the facts in this case that on May 31, 1941, this company owned at its place of business in Lemon Township, Butler County, Ohio, certain machinery and equipment used in business, which it thereafter on December 4, 1941, sold to the American Rolling Mill Company; and that the American Rolling Mill Company returned this property for taxation for the tax year 1942 as property owned by said rolling mill

company on and as of January 1 of said year. In this situation The David J. Joseph Company filed its intangible and personal property tax return for the tax year 1942 as an intercounty corporation on March 31, 1942; and in and by this tax return the appellant reported its intangible and tangible personal property with respect to its business both in Lemon Township, Butler County, Ohio, and in Cincinnati, Hamilton County, Ohio. Although the appellant in its tax return for said year returned its inventory and furniture and fixtures in Lemon Township, Butler County, Ohio, which it owned and held on May 31, 1941, it did not make any return therein of its machinery and equipment in said taxing district. Thereafter on June 18, 1942, the appellant requested the Department of Taxation to permit it to file an amended tax return for said year. This request was denied; but on July 2, 1942, a representative of the Department of Taxation visited appellant's place of business and made a report as to the correct tax assessment to be made against the appellant for said tax year, both with respect to its business in Lemon Township, Butler County, Ohio, and in Cincinnati, Hamilton County, Ohio. As the result of the investigation and report of this representative of the Department of Taxation, tax assessment corrections in appellant's favor were made, both as to appellant's tangible property and intangible property with respect to its business in Cincinnati Taxing District. However, the tax commissioner, as a result of this investigation, made and issued a final tax assessment certificate assessing the tangible personal property of appellant in Lemon Township, Butler County, Ohio, for the tax year 1942 and as of May 31, 1941, as follows: Machinery and equipment $42,040.00, inventory $1940.-00, furniture and fixtures $2890.00, total $46,870.00; which final tax assessment so made by the tax commissioner resulted in a deficiency tax assessment against the appellant in the sum of $570.06 on and with respect to such machinery and equipment which it owned and held on May 31, 1941, but which, as above noted, was not returned by it for taxation for the tax year 1942. The appellant in and by its appeal filed with the Board of Tax Appeals, as aforesaid, appeals only from that part of the final tax assessment order and certificate of the tax commissioner assessing the machinery and equipment of the appellant in Lemon Township at the assessed or list value of $42,040.00 above stated. No question is made by appellant as to the correctness of the assessed or list valuation of this machinery and equipment as found and determined by the tax commissioner; but the contention of the appellant is that

this property was not assessable against it and in its name for the tax year 1942 for the reason that subsequent to May 31, 1941, and prior to January 1, 1942, it sold this property to the American Rolling Mill Company, which returned the property for taxation for the tax year 1942 as property owned and held by it on January 1 of said year. And the only question presented to the Board of Tax Appeals on this appeal is whether this machinery and equipment which was owned and held for use in its business in Lemon Township, Butler County, Ohio, on May 31, 1941, the end of its fiscal year, was taxable to and in the name of said company for the tax year 1942.

Under the provisions of §5328 GC, tangible personal property located and used in business in this state is subject to taxation, regardless of the residence of the owner thereof. And such personal property used in business is required to be returned for taxation by the owner thereof, and to be listed and assessed in the taxing district in which such business is carried on. Secs. 5370 and 5371 GC. Under the provisions of §5367 GC, the tax return for any particular tax year is required to be made between the 15th day of February and the 31st day of March of such year. And "excepting as otherwise provided in this chapter", all taxable property is required to be listed with respect to ownership or control, valuation or taxing districts as of the beginning of the first day of January, annually. Sec. 5368. Sec. 5372-2 GC, provides that the tax commissioner may require that with every return listing personal property used in business, the taxpayer shall file a financial statement or balance sheet of such business as of the close of business on the day next preceding the date of listing. And, as an exception to the more general provisions of §5368 GC, above noted, this (§5372-2) further provides: "A taxpayer who is required to file a financial statement or balance sheet of his business pursuant to this section may be authorized or required by the commission (commissioner) to list his taxable property as of the close of business at the end of his fiscal year, instead of as of the day otherwise prescribed by this chapter. The commission (commissioner) may adopt regulations to govern the employment of the basis of listing hereby authorized; but a tax payer who shall hereafter avail himself of either of the options permitted or authorized by this section shall thereafter employ the same basis unless the commission for good cause shown, shall authorize the substitution of another fiscal year, or of the basis otherwise prescribed by this chapter." On July 24, 1939,

the tax commissioner acting pursuant to the authority conferred upon him by this section of the General Code, adopted Rule No. 202, which rule, so far as the same is pertinent in consideration of the queston here presented, provides: "In the event the fiscal year of any taxpayer, so required or authorized to be used, terminates later than March 31, such taxpayer shall use as listing day the fiscal year end terminating within the calendar year next preceding the year in which return is required to be made."

As a general principle of law applicable to the consideration of this question, it is noted that in Cooley on Taxation (4th Ed.) Vol. 2, Sec. 546, the following is said:

"The taxable status of persons and property relates to a certain day in each year. There must be some day of the year as of which the power to tax property at all, or the power to tax it to a certain person, is to be determined. That day will fix the power to tax with reference (1) to whether the property was in existence on that day, (2) whether the property was within the jurisdiction so as to have a taxable situs on that day, (3) whether the property was exempt from taxation on that day, and (4) whether the property should be taxed to one person or another as dependent on its ownership on that day."

Touching this question, the following is said in 61 C. J. Sect. 181 (taxation), p. 207:

"Where property is required to be assessed as of a certain day in the year, and is then properly assessed to the person owning it on that day, he is not relieved from liability for such taxes by his subsequent transfer or conveyance of it to another, although made before the tax became payable, unless the statute makes some provision for the apportionment of the tax between the buyer and seller. Where the date fixed by statute for determination of the taxable status of property falls before the actual assessment, one owning the property on such date may not escape liability for taxation by selling the property before completion of the assessment rolls."

See, also, Broeck v. Jersey City, 44 N. J. Law 156; Radebaugh v. Dillon, 119 Kan. 492.

It follows from the considerations above noted that the machinery and equipment here in question as property owned and used in business by the appellant company in Lemon

Township Taxing District on May 31, 1941, was subject to taxation for the tax year 1942 in said taxing district in the name of the appellant; and this liability of the property for taxes levied on the property in Lemon Township Taxing District is in nowise affected by the fact that sometime after May 31, 1941, and prior to January 1, 1942, it sold and delivered this property to the American Rolling Mill Company, Middletown, Ohio. And the only other question presented in this case is whether the 1942 tax levies on this property in Lemon Township Taxing District in the name of the appellant company are invalidated by the fact that the American Rolling Mill Company returned this machinery and equipment for taxation for the tax year 1942 as a part of the property owned and used by it in business on January 1, 1942, in Middletown City Taxing District and paid taxes thereon for said tax year. In the consideration of the question here presented it is to be noted that although the tax assessment here complained of was made by the tax commissioner on and with respect to the property here in question as property of the appellant company in Lemon Township Taxing District and, presumably, a tax assessment was likewise made by the tax commissioner on and with respect to this same property as property of the American Rolling Mill Company in Middletown City Taxing District on and as of January 1, 1942, the tax commissioner as an administrative officer of the State of Ohio, did not in either instance levy any taxes on this property. The taxes on this property as the property of the appellant in Lemon Township Taxing District were levied for various purposes by the taxing authorities of the county, of the township and of the township school district, respectively, under the applicable provisions of the Budget Law (§§5625-3 et seq., 5625-25 GC); and, likewise, the taxes on this property as property owned and used by the American Rolling Mill Company on and as of January 1, 1942, in Middletown City Taxing District were those levied by the taxing authorites of the county, of the City of Middletown and of Middletown City School District, respectively, under the authority of the above noted sections of the General Code. Each of these political subdivisions levied taxes on this property, both as property owned by the appellant company in Lemon Township and as property thereafter owned by the American Rolling Mill Company in Middletown City Taxing District, for their own several and particular needs; and with respect to the purposes for which such taxes were levied, the only duplication of taxes on the property was as to those levied by the county; which, as above noted, were levied on this property first, as the property of the appellant

company in Lemon Township and, secondly, on the property as property of the American Rolling Mill Company in Middletown City Taxing District. In this situation it is apparent that this duplication of taxes on the property in question does not result from any unauthorized or otherwise illegal action on the part of the taxing authorities of any of the political subdivisions levying taxes on the property in said several taxing districts, nor from any unauthorized or illegal action on the part of the tax commissioner, whose sole function and duty in each instance was to determine the taxable valuation of the property and to extend thereon the tax levies made by such political subdivisions at the designated tax rates; but such duplication of taxes resulted fortuitously by reason of the fact that the appellant company acting under statutory authority and pursuant to the applicable rule of the tax commissioner, elected to return its intangible and personal property for taxation on the basis of its particular fiscal year rather than on the calendar year basis otherwise provided for with respect to taxation of property of this kind. Moreover, if, as claimed by the appellant, the tax assessment complained of in this case results in double taxation to any extent of this property for the tax year 1942, it is obvious that this is not double taxation as to the appellant company; for this tax assessment does not require the payment by the appellant of any more or different taxes than it would have been required to pay if it had not sold this property after the end of its fiscal year, but had retained title to the same. And the fact that the American Rolling Mill Company as the purchaser of the property and as the owner of the same on January 1, 1942, returned this property for taxation for said tax year and paid the assessed taxes thereon, is, in our opinion, a matter of no material concern to the appellant. In this connection it is to be further noted that in this state there is no constitutional inhibition against double taxation as such; and neither, for that matter, does the requirement with respect to uniformity in taxation prescribed by **Sec. 2, Art II of the State Constitution** now apply as to the taxation of personal propery. **State ex rel., Struble v Davis, 132 Oh St 555.** As a concluding observation on this subject it may be said that double taxation of the fortuitous kind here presented must occasionally take place however carefully the law may have been framed to avoid it; and it must happen under any tax law that some property will be taxed twice, while other property may, perhaps, escape taxation altogether. A tax cannot be set aside on this ground alone. See

Cooley on Constitutional Limitations, Vol. 2, p. 1084; Augusta Bank v. Augusta, 36 Me. 255, 259. And it may be further noted that questions of double taxation of this kind are questions of expediency for the consideration of the legislature, and not of power, for the consideration of courts or other tribunals having judicial or quasi judicial authority. See People ex rel., New York Cent. and H. R. R. Co. v. Roberts, 52 N. Y. S. 859, 32 App. Div. 113, affirmed, People ex rel., New York Cent. and H. R. R. Co. v. Roberts, 51 N. E. 1093, 157 N. Y. 677.

On the considerations above noted it is by the Board of Tax Appeals considered and ordered that the tax assessment order made by the tax commissioner and complained of in this appeal be, and the same hereby is, affirmed.