## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### MATTHIAS v. WARRINGTON.

' January 12th, 1893.

EQUITY JURISDICTION—*Specific performance—General relief.*—To buy land with, A loaned W money, to be returned in six annual payments, and secured by trust deed. The land was conveyed to W by deed delivered to M, to be held until W executed the trust deed. This he never did, nor paid either principal or interest. A filed her bill for specific performance.

HELD:

As the six years has already expired, and specific performance, as prayed for, would be practically useless, this court makes the debt a charge upon the land, requiring it to be sold if the money be not paid by a given day.

Appeal from decree of circuit court of Nansemond county, rendered October 10th, 1889, in the cause wherein Angeline Matthias was complainant and one Warrington was defendant. The decree dismissed the bill, and the complainant appealed to this court. Opinion states the case.

*R. R. Prentiss* and *W. J. Kilby*, for appellant.

*R. H. Rawls*, for appellee.

HINTON, J., delivered the opinion of the court. '

It appears from the record that on the 1st day of January, 1886, the defendant, Warrington, borrowed of Angeline Matthias the sum of $940, part of which was advanced for her by Henry A. Morgan, with which to purchase a tract of land

from one Smith, which said sum of money was to be repaid within a reasonable time, with interest from date, and to be secured by a deed of trust on said land. The farm was bought and paid for with said money, and a deed for same was executed to Warrington and delivered to Morgan, to be held until Warrington should execute the deed of trust, which he never did, alleging that the terms of the deed of trust, which was drawn by Morgan, were not conformable to the agreement. Subsequently, as it appears to the court, this agreement was changed, and Warrington was allowed six years within which to pay off the debt, in as many annual instalments; but this agreement Warrington also refused to carry out, alleging that the whole sum was payable *in solido* at the end of the six years, unless he pleased to pay some part thereof along with the interest, which was payable annually.

Warrington having failed to pay either principal or interest, Mrs. Matthias filed her bill in November, 1887, to have this latter agreement specifically executed. The learned judge of the circuit court of Nansemond did not regard this as a case for specific execution of a contract, and, on the 10th day of October, 1889, dismissed the bill.

From this decree the present appeal is taken. But, as the time within which a specific execution of the contract could be of any practical benefit expired with the six years, the question now is whether this court cannot, under the prayer for general relief, afford the appellant some relief; and upon a careful consideration of the subject, the court is of opinion that it may.

Of course, a court of chancery cannot, under a prayer for general relief, afford relief inconsistent with the plain object of the bill. But, in a case like the present, where the paramount object of the bill is to secure and obtain the repayment of the money loaned, and specific execution of the contract was only sought as a means to the end, and where the specific

execution of the contract has been rendered practically use-less by the debtor, we think it is competent for the court to go on and practically execute the agreement by making the debt a charge upon the property, and, as the time for the payment of the money has, even upon the debtor's own showing, expired, requiring the land to be sold if the money is not paid by a given day. That the justice of the case will be sub-served by this course is perfectly patent, while it is equally obvious that the adoption of a different course must result in delay, and possibly the loss of part of the money to the creditor, without any fault on her part. Accordingly, the decree of the circuit court must be reversed, and a decree will be entered here in conformity with this opinion.

DECREE REVERSED.