**RABINOWITZ v. DARNALL.   (No. 10090.)**

Court of Civil Appeals of Texas.   Dallas.
Jan. 14, 1928.

Rehearing Denied Feb. 18, 1928.

1. **Vendor and purchaser** ⬅130(7)—**Undertaking to give good title is not performed by mere showing of title by limitation.**

In a contract for the purchase of land in which it is stipulated that vendor will furnish purchaser an abstract showing good title in vendor, such undertaking is not performed by mere showing of title by limitation.

2. **Evidence** ⬅84—**Courts cannot presume persons attempt impossible undertaking.**

Courts cannot presume that any person will attempt an impossible undertaking.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. **Vendor and purchaser** ☞130(2)—**Right of parties cited by publication to attack judgment under statute held not valid objection to title (Rev. St. 1925, art. 2236).**

The right of parties who have been cited by publication, under Rev. St. 1925, art. 2236, to attack a judgment relative to the disposal of land under such statute *held* not a valid objection to title in such land so as to entitle one who had purchased to damages because of vendor's failure to give a good title as agreed.

4. **Damages** ☞78(6)—**Agreed payment to be made on breach of contract to sell and exchange realty held liquidated damages and not penalty.**

In action for damages for breach of contract to sell and exchange realty in which a payment of $2,500 as liquidated damages was agreed to for either party's failure of compliance, *held*, that such agreed payment to be made on breach was an agreement for liquidated damages and should not be construed as a penalty.

5. **Trial** ☞377(2)—**Refusal to reopen evidence held not error, where evidence sought to be introduced relative to market value of appellant's land would not be determinative of damages for breach of land exchange contract.**

Court's refusal to reopen evidence after appellee's attorney had made opening argument in suit on land exchange contract *held* not error, where evidence sought to be introduced was as to value of appellant's land only and would not be determinative of damages for failure to exchange.

Appeal from District Court, Dallas County; Towne Young, Judge.

Suit by Joe Darnall against D. Rabinowitz. Judgment for plaintiff, and defendant appeals. Affirmed.

Emil Corenbleth and Burgess, Burgess, Chrestman & Brundidge, all of Dallas, for appellant.

H. P. Kucera, of Dallas, Tom K. Eplen and Frank Smith, both of Abilene, and Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

JONES, C. J. In a suit in a district court of Dallas county Joe Darnall, appellee, was awarded judgment in the sum of $2,500 as liquidated damages for the breach of a contract by D. Rabinowitz, appellant, for the sale and exchange of real estate. The appeal is duly perfected to this court. The facts are:

On the 11th day of April, 1921, appellee owned 225.9 acres of land in Denton county, Tex., 135.5 acres out of the Benjamin Speer survey, 55 acres out of the William Speer survey, and 35.4 acres out of the Calvin Speer survey, and appellant was the owner of a lot 25x90 feet in the town of Ranger, Tex. On this date these parties entered into a written contract, by the terms of which appellant bound himself to convey to appellee his lot in the town of Ranger, to pay to appellee the sum of $1,500 in cash, and to assume the payment of $9,266.50 lien indebtedness against the Denton county land, and appellee bound himself for such consideration to convey to appellant his Denton county land. Paragraphs 3 and 6 of this contract are material to the issues involved in this case, and are as follows:

"III. Each party hereto agrees to furnish the other party abstracts of title to their respective properties now owned by each, certified to date, showing a good title to said properties, and each party shall have 30 days from the date said abstracts are so furnished, to have the same examined by an attorney of his choice and to furnish the other party hereto with a list of objections, if any, to said title, and the objections so raised, if any, to the title to the respective properties, owned by said parties, shall be met and cured by them as speedily as possible, provided that this deal shall be finally consummated within 60 days from the date the first party shall inspect and approve the property now belonging to second party, it being understood and agreed that this contract shall not become binding upon first party hereto until first party shall inspect the Ranger property belonging to second party and elect to purchase the same under the provisions of this contract."

"VI. As evidence of good faith, each party hereto contracts and agrees to become bound to the other party in the sum of $2,500, hereby agreed upon in advance as liquidated damages in case either party shall breach the terms of this contract. That is, if first party shall fail and refuse to carry out his contract hereby made, he shall become liable to the party of the second part for the sum of $2,500, as liquidated damages, for his failure to so comply with his said contract, provided, of course, that second party has in all respects complied with the terms of this agreement, and second party shall become liable to first party in a like sum should he make default in carrying out the provisions of this agreement, provided, of course, that first party has complied with terms hereof, but in case both parties shall carry out the terms hereof, then this provision shall become null and void, otherwise to remain in full force and effect."

The courthouse in Denton county, Tex., was burned in 1875, and it appears that all records of conveyances of this land up to that date were destroyed by fire, and the original deeds of conveyance had become lost. There were also mistakes in descriptions and errors in field notes in some of the conveyances of this land under which appellee claimed title. No missing instrument, misdescription, or irregularity in any conveyance occurred later than the year 1884, and appellee and those under whom he claims have held continuous possession of said land since said date. M. M. Shaw and his wife, Bonnie Shaw, appellee's immediate vendors, on January 7, 1921, filed suit in the district court of Denton county in form of trespass to try title to this tract of land, to remove cloud from title to same, and for damages, naming

27 parties as defendants, "if living, and if they or any of the foregoing named persons are dead, then the unknown heirs, legal representatives and devisees and legatees of such decedent or decedents, both individually and as a class." These defendants were all duly cited by publication, and an attorney appointed to represent such parties, and also a guardian ad litem appointed to represent the minor defendants. This petition was full and complete and warranted the judgment rendered in favor of the plaintiffs in this suit. The judgment was rendered on the 10th day of March, 1921, and contained all the necessary findings to show jurisdiction of the court over the parties defendant. The judgment recites findings sufficient to authorize a decree in favor of plaintiffs under both the five and ten years statutes of limitation, and also under the 25 years statute of limitation, and entered a decree in conformity to these findings. In addition to this, the judgment recites that plaintiffs have a perfect title to the said land by a continuous and perfect chain of title from the state of Texas to themselves, each instrument having been upon a valuable consideration, and that all persons who ever had any right, title, interest, or claim in and to plaintiff's land had long since parted with same except plaintiffs, but that the deed and probate records, and other records affecting said land, were destroyed by fire in the burning of the courthouse, in Denton county, Tex., December 23, 1875; that many of such instruments had been lost and record thereof destroyed and no certified copies of same could be obtained; and that substitution of such instruments, because of the long lapse of time, could not be made, and entered judgment for plaintiff in accordance with this finding. This judgment was entered in the district court of Denton county 30 days previous to the contract entered into between the parties to this suit. The statement of facts filed in this case, as required by law, amply sustains the judgment of the court. All the pleadings in this case, orders of the court, and the judgment are shown in the abstract of title furnished appellant.

It is not questioned by appellant that the abstract furnished showed good title in appellee, if full force and effect be given to this judgment. It is, however, earnestly insisted that because, under article 2236, Revised Statutes, the defendants in this suit, being cited by publication and not represented by an attorney of their own choosing, have the right within two years from the date of the judgment to move for a new trial, no force and effect can be given to the judgment, and the question whether appellee submitted an abstract showing good title in him must be determined without regard to this judgment. Under this view of the case, appellant re-

quested peremptory instruction in his favor and, under appropriate assignments of error, has presented such view to this court.

[1] While a title to real estate by limitation is good in the sense that no one in a suit could divest a party so holding title, or dispossess him of his land, still such title is not shown by a record of written instruments, and the courts have uniformly held that in a contract for the purchase of land, in which it is stipulated that the seller will furnish to the purchaser an abstract showing good title in the seller, such undertaking is not performed by a mere showing of title by limitation. Middleton v. Moore (Tex. Civ. App.) 289 S. W. 1045; Rabinowitz v. North Texas Realty Co. (Tex. Civ. App.) 270 S. W. 579; Wakeland v. Robertson (Tex. Civ. App.) 219 S. W. 842; Cline v. Booty (Tex. Civ. App.) 175 S. W. 1081. The status of one so holding land is more that of a claim of ownership than that of legal ownership, for it requires a judicial pronouncement of the validity of such claim before legal title is fully vested. When there has been such pronouncement in a proper suit upon legal service, then the title to the land has ceased to be one of limitation, but has become one of record and fulfills the demand for a good title. So in the instant case, the abstract of title to the Denton county land furnished appellant showed a good record title in appellee, subject only to whatever infirmity that might exist because of the right in the defendants in the suit in the district court of Denton county to move for a new trial within the statutory period. Did this warrant appellant in rejecting the title? Article 2236, Revised Statutes, reads:

"In cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by attorney of his own selection:

"1. The court may grant a new trial upon petition of the defendant showing good cause, supported by affidavit, filed within two years after such judgment was rendered. The parties adversely interested in such judgment shall be cited as in other cases.

"2. Execution on such judgment shall not be suspended unless the party applying therefor shall give a good and sufficient bond payable to the plaintiff in the judgment, in double the amount of the judgment or value of the property adjudged, to be approved by the clerk, and conditioned that the party will prosecute his petition for new trial to effect and will perform such judgment as may be rendered by the court should its decision be against him.

"3. If property has been sold under the judgment and execution before the process was suspended, the defendant shall not recover the property so sold, but shall have judgment against the plaintiff in the judgment for the proceeds of such sale."

[2] We have quoted this article in order to show the conditions under which a defendant cited by publication may appear and apply for a new trial, and to show, also, the policy

of the law, as it appears from this statute, in regard to the effect to be given a judgment secured on such service before the expiration of the two years' limitation. The statute declares that a new trial may be granted within the two years from date of the judgment upon a verified petition, filed in the original case, showing good cause. The term "showing good cause" has been construed by our courts to be the setting forth of facts which, if true, would require the setting aside of the judgment assailed and the rendition of a different judgment. Tinsley v. Corbett, 27 Tex. Civ. App. 633, 66 S. W. 913; Keator v. Case (Tex. Civ. App.) 31 S. W. 1099. Sections 2 and 3 of the statute clearly show an intent to regard the judgment as final from its rendition, unless it is actually arrested by a petition for bill of review as provided in section 1. However, the right exists for the defendants, within two years, to cause same to be set aside and to secure the rendition of a contrary judgment. Was the fact that this right existed a valid objection to appellee's title? If the Denton county judgment on the face of its record showed that such right existed in such way as to be a potential threat of its being carried into execution, then it would be a valid objection. But, on the contrary, if such record showed on its face merely a bare possibility that at attempt might be made to carry into effect this right, then it did not constitute a valid objection. In the instant case, it appears from the facts above given that it is reasonably certain that any attempt by any defendant in the Denton county suit to set aside the judgment would be futile, and courts cannot presume that any person will attempt an impossible undertaking. In passing upon this identical contract and title to the land, the Austin Court of Civil Appeals, in the case of Rabinowitz v. North Texas Realty Co., supra, used the following language, which we adopt:

"Nor do we think, as urged by appellant, that the right of the defendants cited by publication to attack said judgment under article 2026, Revised Statutes, within two years after its rendition, was a valid objection. Of course, that was a possibility, but so remote as to be negligible. A bare possibility that a title otherwise regular may become defective is not a valid objection to same."

[3] We therefore conclude that appellee presented to appellant an abstract showing good title in him to the Denton county land, and overrule all assignments of error in reference to this issue.

[4] It is contended that the clause in the contract herein quoted, in which it is recited in effect that, if either party fails to perform the contract, he shall be liable to the other party in the sum of $2,500 as liquidated damages, should be construed as a penalty and not as agreed damages. Under the record in this case, which does not show the value either of the Denton county land or the lot in Ranger, and furnishes no basis to determine what were the actual damages appellee may have suffered by appellant's breach of the contract, we believe the lower court was warranted in holding that the parties intended this sum of money to be liquidated damages, and we overrule the assignments of error with reference thereto. 8 R. C. L. 562, and authorities cited in note.

[5] After the evidence had closed and both parties had announced that they had rested, and after appellee's attorney had made opening argument, appellant asked permission to reopen the evidence in the case in order that a witness, that the attorney did not know could be secured, might testify; that this witness, if permitted to testify, would qualify as to the value of land in the town of Ranger at the time this contract was entered into and at times subsequent thereto, and would testify that the lot in question was of the reasonable market value of $1,000. Appellee objected to reopening the case, and the court sustained such objection. We do not believe there was error in this, for the reason that the evidence, if heard, would have formed no basis for the determination of the actual damages suffered by appellee by reason of the breach of the contract. If such witness had also known the market value of the Denton county land, then there might have been some basis for determining the actual damages and assisting the court in construing the clause in the contract in reference to whether the sum named therein was intended as a penalty or as agreed damages. We therefore overrule this assignment of error.

Finding no reversible error, it is the opinion of the court that this case should be affirmed.

Affirmed.