### RABINOWITZ v. DARNALL.
(No. 977—5124.)

Commission of Appeals of Texas, Section B. Feb. 6, 1929.

Burgess, Burgess, Chrestman & Brundidge, Emil Corenbleth, and L. E. Elliott, all of Dallas, for plaintiff in error.

Tom K. Eplen and Frank E. Smith, both of Abilene, and Caldwell, Gilleon, Francis & Gallagher, of Dallas, for defendant in error.

SPEER, J. The writ of error was granted because of a conflict of decision herein with Middleton v. Moore (Tex. Civ. App.) 4 S.W. (2d) 988. A writ of error had been granted in the Middleton-Moore Case, and the case has been decided (12 S.W.(2d) 995), but the decision disposed of the case upon a ground not pertinent to the conflict upon which the writ in this case was granted. That conflict of decision is upon the question whether or not an abstract of title, which shows a judgment based upon citation by publication as a necessary link in the chain of title, shows a good title to the property abstracted, where the two years allowed by statute for a new trial has not, at the time, expired.

The Court of Civil Appeals, in Middleton v. Moore, 289 S. W. 1045, held that such an abstract did not show a good and merchantable title, saying: "The very provision of the statute [R. S. 1911, art. 2026] giving the right to the defendant in the judgment to have it reviewed is a potential threat of other litigation, and it renders the title then and there defective until the time has expired in which the judgment may be attacked."

In this case the Court of Civil Appeals held that such an abstract did show a good title, quoting as authority for such conclusion from Rabinowitz v. North Texas Realty Co., 270 S. W. 579, wherein the Court of Civil Appeals for the Third District construed the contract now before us, saying: "Nor do we think, as urged by appellant, that the right of the defendants cited by publication to attack said judgment under article 2026, Revised Statutes, within two years after its rendition, was a valid objection. Of course, that was a possibility, but so remote as to be negligible. A bare possibility that a title otherwise regular may become defective is not a valid objection to same." 2 S.W.(2d) 930.

■■ The right in any event to recover the sum sued for as liquidated damages in this case depended upon the abstract's showing a good title, and whether it did show such title depends upon whether or not a judgment based upon citation by publication, before the expiration of two years, is good as a muniment of title. Of course, a judgment may constitute a link in any chain of title, but to be good it must be a final judgment. A judgment is not final in the sense that it binds, until the motion for new trial has been overruled, or the time within which such motion can be filed has expired. Until that time it is usually only interlocutory. This usual effect is somewhat modified by our statute, authorizing an execution on such judgment unless the issuance is suspended by a bond executed by the defendant. Rev. Civ. Stat. art. 2236. But such provision necessarily recognizes that, but for the special authorization, execution could not issue prior to the two years within which the motion for new trial may be presented, and the entire

article unmistakably shows that such judgment is not to be finally binding as an adjudication until the expiration of two years after the same was rendered, for it expressly confers upon the court the power to grant a new trial within that time, and the corollary right of the defendant to have such new trial if good grounds are shown.

So far as legal effect is concerned, this places such a judgment upon a par with any ordinary judgment, where the time within which a motion for new trial may be filed has not expired. Such a judgment lacks that definiteness indispensable to a muniment of title to land. It presents more than a bare possibility that the judgment may in the future be set aside. Rather, there is never a moment, prior to the expiration of the two years when such judgment has the elements of finality, and therefore it cannot, during such time, be held to have passed title as matter of law. It is more than "a potential threat of other litigation." It is patent notice that no final judgment has been entered, and that the interlocutory judgment may never become final.

The views we have expressed upon the one question render it unnecessary to discuss any other matter presented. We therefore recommend that the judgments of both the trial court and the Court of Civil Appeals be reversed, and judgment here be rendered in favor of the plaintiff in error.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and judgment rendered for the plaintiff in error, as recommended by the Commission of Appeals.