No. 18,759.

W. J. MORLEY, ET AL. v. R. L. GIESEKER, ET AL.
(351 P. [2d] 392)

Decided April 25, 1960.

Messrs. HOLLEY & BOATRIGHT, for plaintiffs in error.

Mr. GEORGE T. ASHEN, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN the trial court plaintiffs in error were defendants and defendants in error were plaintiffs. We shall refer to the parties as they there appeared, or by name.

On March 14, 1956, plaintiffs filed their complaint seeking judgment against defendants in the sum of $500 and interest, basing their demand upon a written contract between the parties for the sale of certain real estate to plaintiffs. The sum demanded was paid as earnest money at the time the contract was executed. Defendants delivered an abstract of title to plaintiffs for the property. The title to be conveyed as provided in the contract was to be "merchantable" and conveyed by warranty deed. The contract further provided that "if title is not merchantable and written notice of defects is given to the seller or agent within the time

herein provided for delivery of deed (Feb. 1, 1956) and shall not be rendered merchantable within thirty days after such written notice" then the purchasers (plaintiffs) shall be entitled to a return of their down payment upon return of the abstract to the seller.

Defendants answered in due course admitting the execution of the contract; the receipt of the $500 down payment; the receipt of plaintiff's title objections, and denied their failure to remedy the defects stated by plaintiffs within thirty days after notice thereof; they further alleged that the deposit was forfeited for failure of plaintiffs to comply with the terms and conditions of the contract. Defendants also filed a counter-claim alleging that plaintiffs converted defendants' abstract of title to their own use, and after demand therefor failed to return it. To this counter-claim plaintiffs filed an answer denying their conversion of the abstract of title, and offered to deposit the same in the Registry of the court upon defendants depositing the sum of $500 therein.

On January 7, 1956, the attorney for plaintiffs made a written report on the title to the property and found the same not to be merchantable, and gave notice thereof to defendants.

It appears that prior to the date of the contract defendants had instituted an action to quiet title to the real estate involved, the service of summons in which was had by publication in a newspaper. This action culminated in a decree quieting title on February 8, 1956. It appears that this decree was called to the attention of counsel for plaintiffs, who declined to accept the title as merchantable for the reason that any or all of the non-appearing defendants in the quiet title suit, served by publication of summons had six months from the entry of the decree in said action to move that it be set aside.

The court entered summary judgment against defendants for $500 and interest, based on the documents at-

tached to the complaint and the answers to demands for admissions, which embodied all the facts in the case.

From the judgment entered the defendants bring the case here on writ of error. For reversal it is urged that the trial court erred in granting summary judgment and that the decree quieting title was "a conclusive determination rendering the title merchantable from the date of entry of Decree on February 8, 1956." It is also urged that "the return of the abstract of title to the real property owned by defendants" was a condition precedent to the maintenance of the suit to recover the deposit paid by plaintiffs pursuant to the contract.

"Marketable title" is defined in two Colorado cases:

"The term 'marketable title,' when applied to real estate, means a title free from reasonable doubt. It means a title that is reasonably free from such doubts as will affect the market value of the estate; one which a reasonably prudent person with knowledge of all the facts and their legal bearing would be willing to accept." *Federal Farm Mortgage Corporation v. Schmidt,* 109 Colo. 467, 126 P. (2d) 1036.

"The title must be such as to make it reasonably certain that it will not be called into question in the future so as to subject the purchaser to the hazard of litigation with reference thereto." *White v. Evans,* 120 Colo. 200, 208 P. (2d) 922.

Where necessary parties defendant to a quiet title action were not personally served and are given the right to appear and have the judgment set aside, the legal effect of such judgment cannot be said to be final as to those defendants and "unknown" parties, so as to make the title marketable.

"Such a judgment lacks the definiteness indispensable to a muniment of title to land." *Rabinowitz v. Darnall,* (Tex.) 13 S.W. (2d) 73.

*Ewing v. Plummer,* 308 Ill. 585, 140 N.E. 42 is a case

494

in point. It was there said: "A vendee cannot be required to accept a title based upon a decree which is not final, but under which further litigation may be forced upon him within three years." Under the applicable Illinois statute a defendant served by publication had three years in which to petition to set aside the decree.

In *Middleton v. Moore,* Tex. Civ. App. 289 S.W. 1045, the court stated:

"Certainly there is more than a 'bare possibility' that the title might become defective. The very provision of the statute giving the right to the defendant in the judgment to have it reviewed is a potential threat of other litigation, and it renders the title then and there defective until the time has expired in which the judgment may be attacked."

On rehearing the court reaffirmed the rule by stating:

"If the title of the vendor depends, in part, upon a judgment rendered against third parties who may have an interest in the land, and upon constructive service of process, the title is not merchantable, under R.C.S. Art. 2236, until after the expiration of two years from the date of its rendition. *Middleton v. Moore,* Tex. Civ. App. 4 S W (2d) 988, 990."

" * * * ordinarily titles that are quieted in the usual manner against unknown heirs and others are not marketable for some time after the decree is rendered." *Parker et al. v. Mouse,* 148 Kas. 643, 84 P. (2d) 941.

█ To state the general rule it may be said that a quiet title decree does not convert a defective title into a good or merchantable title until the jurgment becomes impervious to attack. See *Dalton v. Lybarger,* 152 Ark. 192, 237 S W 694; *Reese v. Levin,* 98 Fla. 397, 123 So. 809; *Wurfel v. Bockler,* 106 Ore. 579, 210, 213.

█ We find no merit in the claim that plaintiffs' action was defeated because the abstract of title was not promptly returned. Upon receipt of the notice of defects in the title and the inability of defendants to remedy the defects within the time fixed by the contract, the right

of the plaintiffs to a return of the deposit became fixed. The obligation to return the abstract being but an incident thereof and not a condition precedent. Moreover as appears from the record the plaintiffs tendered the abstract into court. It must be remembered that defendants declined to recognize plaintiffs' claim that the title was not merchantable claiming that the decree quieting title was a compliance with the contract because entered within thirty days after the date of notice of the defects. Defendants' attitude during all these transactions was that they had fully complied with the terms of the contract.

Let the judgment be affirmed.