John R. RANKIN, Maureen A. Dumas, and Tall Country Real Estate Company, a Colorado Corporation, Plaintiffs-Appellants,

v.

Dennis D. McFERRIN, Julia A. McFerrin, and Clifford Dale McFerrin, Defendants-Appellees.

No. 79CA1071.

Colorado Court of Appeals, Div. I.

Dec. 31, 1980.

Rehearing Denied Feb. 5, 1981.

Certiorari Denied April 13, 1981.

Clarke & Waggener, P. C., William P. Waggener and Joel Laufer, Denver, for plaintiffs-appellants John R. Rankin and Maureen A. Dumas.

Larry F. Hobbs, Denver, for plaintiffs-appellants Tall Country Real Estate Co.

Calvert & Calvert, David R. Calvert, Denver, for defendants-appellees.

PIERCE, Judge.

Plaintiffs appeal the trial court's order dismissing their action for specific performance of a real estate contract. This ruling was made at the close of plaintiffs' case-in-chief. We reverse and remand.

On May 8, 1977, plaintiffs John R. Rankin and Maureen A. Dumas (buyers) entered into a specific performance contract with defendants Dennis D. McFerrin and Julia A. McFerrin (sellers) whereby sellers agreed to convey to buyers a residence for a purchase price of $60,000. Plaintiff Tall Country Real Estate Company (Tall Country) performed as sellers' agent throughout the transaction.

The contract provided that title would be merchantable in the seller, and that subject to tender of payment by buyers, the seller would deliver a warranty deed to buyers on July 15, 1977, conveying the property free of all liens and encumbrances. Paragraph 10 of the contract further provided that:

"if title is not merchantable and written notice of defects is given to the seller[s] or agent within the time herein provided for delivery of deed and shall not be rendered merchantable within 30 days after such written notice, then this contract, at purchasers' option shall be void and of no effect. . . ."

In May 1977, sellers obtained a commitment for title insurance which revealed that the property was subject to two deeds of trust and one judgment lien. The sum of these liens exceeded the contract purchase price by more than $10,000.

On June 27, 1977, buyers requested that sellers cure the defect within 30 days. Buyers obtained a loan commitment on July 19, 1977, and the closing date was set for July 27, 1977.

Buyers attended the closing, electing to be bound by the contract notwithstanding the defects in title. Sellers failed to attend the closing and refused to convey the property.

The trial court held that the judgment lien did not render the title unmerchantable, and therefore, the buyers could not invoke the contract's 30 day extension clause. Since buyers did not tender payment on July 15, and did not obtain a loan commitment until July 19, the trial court held that the contract terminated by its own provisions, and therefore granted defendants' motion to dismiss.

## I.

■ A judgment lien does not render title to real property unmerchantable where the proceeds of the sale may be used to discharge the lien. *Lone Star Development Corp. v. Miller,* 564 F.2d 921 (10th Cir. 1977). However, if the indebtedness secured by the lien exceeds the purchase price, the title is considered to be unmerchantable, thus putting the seller in default. *See James J. Parks Co. v. Lakin,* 206 Neb. 184, 292 N.W.2d 21 (1980); Annot., 57 A.L.R. 1253 at 1406.

Generally, the term "merchantable title" implies a title that is reasonably free from such doubts as will affect the market value of the property, and one which a reasonably prudent person with knowledge of all the facts and their legal bearing would be willing to accept. *Morley v. Gieseker,* 142 Colo. 490, 351 P.2d 392 (1960).

■ It is undisputed that the sum of the outstanding mortgage and judgment liens exceeded the purchase price. Hence, the title to the property was not merchantable on June 27, 1977, when buyers requested that sellers cure the defect. *See James J. Parks Co. v. Lakin, supra.* Since title was unmerchantable, buyers complied with paragraph 10, *supra,* by requesting that sellers cure the defect within 30 days after June 27, 1977, thus extending the July 15 contract termination date.

Citing *Dunton v. Stemme,* 117 Colo. 327, 187 P.2d 593 (1947), sellers argue that since the contract provided that time was of the essence and buyers did not tender payment on July 15, as required by the contract, buyers were in default and the contract became void. We disagree.

In *Saccomano v. Palermo,* 159 Colo. 307, 411 P.2d 22 (1966), the court held that if a seller does not clear the title to property after the buyer's request to cure pursuant to a contract provision similar to the one here, then he may not rely upon a "time is of the essence" clause to assert that the buyer defaulted by not tendering payment on the date provided for delivery in the contract. The court reasoned that to require a buyer to tender payment under such circumstances would be to require an idle gesture. Applying the *Saccomano* ruling here, we conclude that since sellers had not cured the title defect by July 15, it was not incumbent upon buyers to tender payment at that time.

In this case the contract provided that *buyers* had the option to terminate the contract if sellers' title was not merchantable 30 days after notice of defect. Since the contract was not void and buyers chose to affirm the contract, the sellers were obligated to deliver the warranty deed on the date set for closing. ·*See Saccomano v. Palermo, supra.*

## II.

Plaintiff Tall Country contends that since it complied with the terms of its listing contract with sellers by finding buyers who were ready, willing, and able to buy sellers' property, it is entitled to be paid its contractual commission. We agree.

■ Since buyers were ready, willing, and able to purchase sellers' property within the terms of the specific performance contract, and since Tall Country found these buyers before the expiration date of the listing contract between Tall Country and sellers, Tall Country is entitled to be paid unless the defenses or counterclaims asserted should modify or defeat that entitlement. Section 12–61–201, C.R.S.1973; *Gerbaz v. Hulsey,* 132 Colo. 359, 288 P.2d 357 (1955). .

The judgment is reversed and the cause is remanded with directions to proceed with defenses and counterclaims asserted by sellers, and for further proceedings consistent with this opinion.

COYTE and RULAND, JJ., concur.